UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-CV-61939-RLR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$630,750.00 IN U.S. CURRENCY,

    Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court on Claimant Carlos Becerra's Rule 12 Motion to Dismiss and Memorandum of Law [DE 10].[1] The Court has carefully considered the Motion, Plaintiff's Response in Opposition thereto [DE 12], and Claimant's Reply [DE 14]. In addition, the Court held a hearing on December 3, 2015, and is otherwise fully advised in the premises. For the reasons set forth below, Claimant's Motion is **GRANTED** and Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

### I.    BACKGROUND[2]

In April of 2014, the Drug Enforcement Administration ("DEA")—assisted by the Fort Lauderdale Police Department and the Palm Beach County Sheriff's Office ("PBSO")—began investigating an organization suspected of laundering narcotics proceeds through a network of couriers and businesses in Florida and Colombia. *See* DE 1 ¶ 8. As part of that investigation, Claimant Carlos Becerra was placed under surveillance. *See id.* ¶¶ 11–17. While under surveillance on June 3, 2014, Claimant was stopped by PBSO deputies for a traffic infraction.

---

[1] Supplemental Admiralty and Maritime Claims Rule G(8)(b) permits a claimant with standing to contest forfeiture to move to dismiss the action under Federal Rule of Civil Procedure 12(b). The Court questions whether Mr. Becerra is in fact a "claimant" as the term is used in Rule G(8)(b) in light of the fact that Mr. Becerra has not filed a claim pursuant to Rule G(5)(a). However, because Plaintiff has not raised this argument or otherwise objected to Mr. Becerra's Motion as procedurally improper, the Court will rule on the merits of the Motion.

[2] The facts set forth in this section are drawn from Plaintiff's Verified Complaint for Forfeiture *In Rem* [DE 1].

*See id.* ¶ 18. During that stop, PBSO deputies searched Claimant's car and found a black duffle bag containing a large amount of U.S. currency, which they seized on suspicion of money laundering.[3] *See id.* A subsequent count determined that $630,750.00 in U.S. currency had been seized. *See id.* On September 14, 2015—more than fifteen months after the date of seizure—Plaintiff filed a Complaint seeking forfeiture of the $630,750.00 pursuant to 18 U.S.C. § 981. *See id.* ¶¶ 1, 28–30.

## II.   DISCUSSION

On October 16, 2015, Claimant filed a Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b), asserting that this action is both duplicative and untimely. *See* DE 10. The Court addresses each of these arguments in turn.

### A. Duplicative

Claimant first asserts that the instant case must be dismissed because it is duplicative of *Becerra v. United States of America*, Case No. 9:15-cv-80308-RLR, in which Claimant seeks return of the same $630,750.00 at issue in the instant case. The Court is not persuaded that the entire statutory framework governing civil forfeiture—in which the Government initiates judicial forfeiture proceedings by filing a complaint in district court, and an individual asserting an interest in the defendant property follows certain procedures within such judicial forfeiture proceedings—is rendered duplicative simply because an individual files, on questionable legal grounds, an action for return of that property prior to the Government's initiation of judicial forfeiture proceedings.[4] *See generally* 18 U.S.C. § 983; *see also, e.g.*, FRCP SUPP AMC Rule G(8)(d) (permitting a petition for release of property filed in one district before a judicial

---

[3] While this fact is not alleged in Plaintiff's Complaint, the Court presumes that PBSO subsequently turned the seized currency over to the DEA.

[4] The Court also notes that a Motion to Dismiss is currently pending in *Becerra*, the outcome of which could render moot Claimant's argument that the instant case is duplicative.

forfeiture action is filed against the property in another district to be transferred to the district in which the judicial forfeiture action is filed, rather than requiring dismissal of the later-filed judicial forfeiture action as duplicative). In light of the similarities between *Becerra* and the instant case, either dismissal or consolidation *may* be appropriate, but the Court is not in a position to make such a determination without additional information (discussed below) regarding the procedures followed by Plaintiff between the seizure and filing its Complaint in the instant case.

### B. Untimely

Claimant asserts that on September 17, 2014, Plaintiff received Claimant's notice of claim regarding the $630,750.00 in U.S. currency seized from Claimant on June 3, 2014. *See* DE 10 at 1. According to Claimant, this amounted to filing a claim pursuant to 18 U.S.C. § 983(a)(2), triggering Plaintiff's obligation pursuant to § 983(a)(3) either to file a complaint for forfeiture or return the property within 90 days, which expired December 16, 2014. *See id.* at 4. Claimant concludes that Plaintiff's Complaint, filed September 14, 2015, is therefore untimely. As explained below, the Court disagrees with Claimant's assertion that the notice of claim received by Plaintiff on September 17, 2014, constituted filing a claim within the meaning of § 983(a)(2). Nevertheless, while Claimant's argument relies on an erroneous interpretation of applicable law, the Court cannot discern from the face of Plaintiff's Complaint whether this action is timely or not. For that reason, the Court grants Claimant's Motion and dismisses Plaintiff's Complaint without prejudice.

In a case such as this, in which property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency, the Government must send written notice to interested parties no more than 90 days after the date of seizure. *See* 18 U.S.C.

§ 983(a)(1)(A). Upon motion by the Government, and provided that certain conditions are present, a court may extend this initial 90-day notice period for a period not to exceed 60 days, which period may be further extended by the court for 60-day periods, as necessary. *See id.* § 983(a)(1)(C). "The statute thus contemplates an opportunity for the seizing agency to process and evaluate the seized property before being obliged to act upon it." *United States of America v. $200,255.00 in United States Currency, More or Less*, No. 7:05-CV-27 (HL), 2006 WL 1687774, at *5 (M.D. Ga. June 16, 2006).

Pursuant to 18 U.S.C. § 983(a)(2)(A), "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." Such a claim "may be filed not later than the deadline set forth in a personal notice letter (which deadline may not be earlier than 35 days after the date the letter is mailed) . . . ." 18 U.S.C. § 983(a)(2)(B). Not later than 90 days after a claim has been filed pursuant to section 983(a)(2)(A), the Government must either file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint. *Id.* § 983(a)(3)(A).

Reading § 983 as a whole, it is clear that the Government's sending notice pursuant to § 983(a)(1) triggers the right to file a claim pursuant to § 983(a)(2), which in turn triggers the 90-day period to file a complaint for forfeiture or return the property pursuant to § 983(a)(3).[5] *See $200,255.00, More or Less*, 2006 WL 1687774, at *5–6. However, Plaintiff's Complaint is devoid of any information regarding the period of time between June 3, 2014—when the currency was seized—and September 14, 2015—when the Complaint was filed. *See* DE 1. As a result, the Court cannot determine from the face of Plaintiff's Complaint: (1) whether or when

---

[5] In other words, Claimant could not have filed a claim pursuant to § 983(a)(2) in September of 2014, or at any time prior to the date on which Plaintiff sent notice pursuant to § 983(a)(1).

4

Plaintiff sent written notice to Claimant pursuant to § 983(a)(1); (2) whether Plaintiff received extensions of time to send such notice, and if so, the dates on which such extensions of time were granted and the dates on which they expired; (3) whether or when Claimant, after receiving written notice from Plaintiff, filed a claim pursuant to § 983(a)(2); or (4) whether Plaintiff's Complaint was filed within 90 days after Claimant filed his § 983(a)(2) claim. The Court is therefore unable to conclude that Plaintiff's action is timely.

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Claimant's Rule 12 Motion to Dismiss and Memorandum of Law [DE 10] is **GRANTED** as follows:

1. Plaintiff's Verified Complaint for Forfeiture *In Rem* [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Thursday, December 17, 2015, Plaintiff may file an amended complaint that clearly sets forth: (1) the date on which Plaintiff sent written notice to Claimant pursuant to § 983(a)(1); (2) whether Plaintiff received extensions of time to send such notice, and if so, the dates on which such extensions of time were granted and the dates on which they expired; (3) the date on which Claimant filed a claim pursuant to § 983(a)(2); and (4) any additional information relevant to the Court's determination of the timeliness of this action.

3. Within ten (10) days after the date of filing an amended complaint, Claimant shall file any papers necessary and appropriate to contest the forfeiture pursuant to Supplemental Admiralty and Maritime Claims Rule G.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 7th day of December, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

5